**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4018**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

RETSYN DESHAWN OWENS,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:13-cr-00291-1)

Submitted: June 26, 2014         Decided: July 1, 2014

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Retsyn Deshawn Owens appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Owens challenges his sentence, arguing that it is plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a sentence imposed upon revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we first consider "whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C.

2

§ 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the United States Sentencing Guidelines Manual. Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

We cannot conclude that Owens' twenty-four-month sentence is unreasonable, much less plainly so. Our review of the record reveals that the district court considered relevant § 3553(a) factors, including Owens' history of recidivism, his apparent lack of respect for the law, and the need to protect the public and deter others from engaging in similar conduct. Moreover, the court did not err by ordering that Owens' revocation sentence run consecutively to the 151-month sentence imposed on his new criminal conviction, as that practice is sanctioned in the Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED